IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHAEL ANTHONY MALARA,

    Plaintiff,

v.

COUNTY OF JOSEPHINE,

    Defendant.

Case No. 1:16-cv-02298-CL

ORDER

CLARKE, Magistrate Judge.

Plaintiff Michael Anthony Malara, appearing as a self-represented party, brings this cause of action against the County of Josephine, Oregon, ("The County") and Josephine County Sheriff's Deputy Kenneth Lehman ("Deputy Lehman"), (collectively, "defendants"). Full consent to magistrate jurisdiction was entered on December 17, 2017. The case comes before the Court on a motion for summary judgment (#40) submitted by both defendants. The Court sent Plaintiff a Pro Se Summary Judgment Advice Letter on July 11, 2018, and on December 18,

2018 the Court held an Oral Argument Hearing on the motion. For the reasons below, the defendants' motion (#40) is GRANTED and this case is dismissed.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## BACKGROUND

On June 30, 2015, Jon Dempsey contacted the Josephine County Sheriff's Department and reported that Plaintiff Malara stole his vehicle. Mr. Dempsey completed an affidavit Stolen

Vehicle Report Form on July 1, 2015 for a white 2000 Ford Explorer. The vehicle was entered into the Josephine County computer system on that date.

On July 13, 2015, Deputy Lehman conducted a traffic stop when he observed a white Ford Explorer hauling a trailer that was dropping debris onto the road. Due to the trailer behind the vehicle, the license plate was obstructed, and Deputy Lehman could not call the vehicle in to dispatch correctly. Once the Explorer came to a stop, Deputy Lehman got out of his vehicle to read the correct license plate. He received a report that it was a stolen vehicle.

At that point, Deputy Lehman ordered all occupants out of the Explorer. He handcuffed the driver, Plaintiff Malara, and read him his Miranda rights. Plaintiff remained handcuffed while Deputy Lehman interviewed Plaintiff and his two passengers. Regarding the Explorer and his possession of it, Plaintiff told Deputy Lehman that he purchased the Explorer from someone he knew as J.D. Plaintiff provided a bill of sale for the vehicle, but the bill was not in his name. Instead, the bill of sale named Jon Dempsey as the purchaser of the vehicle. Plaintiff did not provide an explanation for this discrepancy.

Deputy Lehman noted some inconsistencies between Plaintiff's explanation of his purchase of the vehicle and the version as told by his passenger, Nicholas Blair, including the fact that Mr. Blair was present during transaction. According to Deputy Lehman's deposition, the contradictions in their stories undermined the credibility of both statements.

## DISCUSSION

In his First Amended Complaint (#17), Plaintiff asserts ten claims for relief, including multiple violations of the 4th Amendment, brought under section 1983: three claims for unreasonable search and seizure and one excessive force claim against Deputy Lehmen, and two *Monell* claims against Josephine County. Plaintiff also asserts four state law claims against both

defendants - false arrest, assault and battery, negligence, and conversion. On the face of his complaint, Plaintiff alleges a number of facts to support his claims, including that he was subjected to field sobriety tests and ridiculed for being unable to perform them, that he was placed in handcuffs that were too tight and caused significant pain, that he was strip-searched and subjected to a breathalyzer test at the jail intake center, and that the Sheriff's Department refused to release his vehicle and property after his case was dismissed. However, in response to defendants' motion for summary judgment, Plaintiff has not offered any substantive evidence in support of the facts alleged, other than a signed statement questioning some of the evidence submitted by defendants, and uncertified copies of his driver's license and registration for the vehicle at issue, filed with the Oregon DMV.

After reviewing all of the evidence in the record, and construing any inferences in favor of the Plaintiff, the Court can find no dispute of material fact that would preclude summary judgment in favor of the defendants.

## ORDER

For the reasons stated above, the defendants' motion for summary judgment (40) is GRANTED. The case is dismissed with prejudice. Judgment shall be entered for the defendants.

It is so ORDERED and DATED this _8_ day of February, 2019.

MARK D. CLARKE
United States Magistrate Judge